NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AL ZEINY, pro se, | No.    14-15917 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-01220-EJD |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Al Zeiny appeals pro se from the district court's judgment dismissing his

action alleging federal and state law claims arising out of alleged efforts by the

Central Intelligence Agency and its agents to harm Zeiny in various ways.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Zeiny's action because Zeiny failed to

allege facts sufficient to state any plausible claim for relief. *See id.* at 341-42

(though pro se pleadings are to be liberally construed, a plaintiff must still present

factual allegations sufficient to state a plausible claim for relief); *Johnson v.*

*Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule

12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory." (citations and

internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing without leave to

amend, because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d

1191, 1195 (9th Cir. 2010) (setting forth standard of review and explaining that

leave to amend may be denied where amendment would be futile).

**AFFIRMED.**

14-15917